Argued and submitted November 24, 1982, affirmed as modified February 16, 1983

In the Matter of the Marriage of
MEULEMANS,
*Respondent - Cross-Appellant,*
*and*
MEULEMANS,
*Appellant - Cross-Respondent.*

(81-1940-NJ-2;  CA  A24263)

658 P2d 566

Thomas C. Howser, Ashland, argued the cause for appellant - cross-respondent. With him on the brief was Cottle & Howser, P.C., Ashland.

William G. Carter, Medford, argued the cause for respondent - cross-appellant. On the brief were Penny Lee Austin, and Grant, Ferguson & Carter, Medford.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Wife appeals from a dissolution decree. She contends that the trial court erred (1) in failing to award her permanent spousal support, (2) in failing to make adequate provisions for the support of the parties' children, (3) in dividing the marital estate and (4) in denying her attorney fees. On *de novo* review, ORS 19.125(3), we modify the decree in three respects and affirm it as modified.

■ ■   The parties have three children, ages 18, 14 and 11. Wife was awarded custody of the two minor children. Husband was ordered to pay $150 monthly support for each of the *minor* children. Catherine, the 18-year-old, lives at home with wife and the other children. She is a full-time college student. The trial court found that she is "emancipated" and therefore ordered no support for her from her father. We conclude that Catherine is a "child attending school" within the meaning of ORS 107.108 and that she is entitled to receive support. *Eusterman and Eusterman,* 41 Or App 717, 598 P2d 1274 (1979).

In his petition, husband acknowledged that he

" * * * should be required to pay * * * a reasonable sum each month as child support for each of the minor children until each of said children shall become emancipated *or is no longer attending school in accordance with ORS 107.108,* whichever occurs last." (Emphasis supplied.)

In his brief in this court, husband

" * * * recognizes his obligation to provide support for Catherine while she is attending school. Husband has contributed to Catherine's educational expenses during the 1981-82 school year. * * *"

Husband is willing to continue to contribute to Catherine's support but prefers that support be paid directly to her rather than to wife for Catherine's benefit. We conclude that support for Catherine should be paid to wife. Applying the *Smith*[1] formula to the evidence in the record, we conclude that husband should pay $150 monthly for Catherine's support, pursuant to ORS 107.108. Accordingly, the decree is modified to order husband to pay wife $150

---

[1] *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981).

monthly for Catherine's support from the date of the original decree.

■ Husband has medical and dental insurance as an employment fringe benefit. The trial court denied wife's request that he be required to name the children as beneficiaries of that insurance. We see no reason why wife's request should not have been granted, and we modify the decree to order husband to include each child as beneficiary of his medical and dental insurance so long as that child is entitled to support.

■ Wife requested that husband be required to name the children as irrevocable beneficiaries of his life insurance. *See* ORS 107.810 *et seq.*[2] The trial court denied that request. In his brief husband "agrees to continue to name the children as beneficiaries on his life insurance policies." In view of that concession, we modify the decree to order husband to name each child as an irrevocable beneficiary of his life insurance policies so long as that child is entitled to support.

The decree is modified to order husband to pay child support in the sum of $150 monthly for each child from date of original decree, to include all three children as beneficiaries under his medical and dental insurance and to name all three children as beneficiaries under his life insurance; affirmed as modified. Cross-appeal dismissed.[3] Costs to wife.

---

[2] ORS 107.810 provides:

"It is the policy of the State of Oregon to encourage persons obligated to support other persons as the result of a dissolution or annulment of marriage or as the result of a legal separation to obtain or to cooperate in the obtaining of life insurance adequate to provide for the continued support of those persons in the event of the obligor's death."

[3] Husband's motion to dismiss his cross-appeal is allowed.